UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **LEONARD GRACE** | : | **DOCKET NO. 1:22-cv-3704** |
| **VERSUS** | : | **JUDGE DONALD E. WALTER** |
| **STATE FARM FIRE & CASUALTY CO ET AL.** | : | **MAGISTRATE JUDGE KAY** |

### JUDGMENT

Before the court is a Report and Recommendation of the Magistrate Judge, recommending that plaintiff's voluntary motion to dismiss [doc. 31] be granted and recommending a sanction of $250 against respondent Cameron Sean Snowden for violations of Federal Rule of Civil Procedure 11(b) based on his representation of plaintiff. Doc. 34. These violations occurred while respondent was employed as an attorney with the firm McClenny, Moseley & Associates, PLLC ("MMA"). Based on a de novo review of the record, the court agrees that the sanction should be imposed. Rule 11(c) provides, however, that "[a]bsent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." Fed. R. Civ. P. 11(c)(1). The court must therefore determine whether the firm should be held jointly liable with Mr. Snowden.

After respondent advised the court that he was no longer associated with the MMA firm, the court issued an order transferring to MMA and its principal Zach Moseley the responsibility to produce certain file materials relevant to the show cause hearing held before the Magistrate Judge on May 12, 2023. MMA therefore had actual notice of the hearing, an opportunity to respond, and in fact provided responsive documents ahead of the hearing. There is no basis in the record to

suggest exceptional circumstances that would relieve the firm of joint responsibility for respondent's actions. To the contrary, the file materials submitted by MMA indicate a systemic lack of attention to verifying that "the factual contentions have evidentiary support or, [. . .] will likely have evidentiary support," as required by Rule 11(b)(3). Considering these factors, the court finds that MMA must be held jointly liable for the violation committed by its former employee.

Additionally, the court's review of the record reveals that the Voluntary Motion to Dismiss, which Mr. Grace filed on his own behalf, lists only the first-named defendant, State Farm Fire and Casualty Co. Doc. 31. The remaining two defendants, State Farm General Insurance Co. and State Farm Mutual Automobile Insurance Co. sought to be dismissed via their Motion to Dismiss for Failure to State a Claim, in which they assert that neither of them ever issued a policy of insurance to Leonard Grace. Doc. 17. That motion was set for hearing on May 12, 2023, and plaintiff never filed or otherwise voiced opposition to it. It will therefore be granted as unopposed. Accordingly,

**IT IS ORDERED, ADJUDGED,** and **DECREED** that the Report and Recommendation be **ADOPTED**, subject to the modifications described above. Cameron Sean Snowden and McClenny Moseley & Associates, PLLC are thus jointly sanctioned in the amount of $250, to be deposited with the registry of the court. Payment must be completed by December 1, 2023.

**IT IS FURTHER ORDERED, ADJUDGED,** and **DECREED** that the defendants' Motion to Dismiss for Failure to State a Claim [doc. 17] be **GRANTED** and that this matter be **DISMISSED WITH PREJUDICE** as to defendants State Farm General Insurance Co. and State Farm Mutual Automobile Insurance Co.

**IT IS FURTHER ORDERED, ADJUDGED,** and **DECREED** that plaintiff's voluntary Motion to Dismiss Without Prejudice [doc. 31] be **GRANTED** and that this matter be **DISMISSED WITHOUT PREJUDICE** as to defendant State Farm Fire and Casualty Co.

The clerk is directed to mail a copy of this judgment to plaintiff at the address provided by MMA and on file with the court.

**THUS DONE AND SIGNED** in Chambers on this 21st day of July, 2023.

_____
**DONALD E. WALTER**
**UNITED STATES DISTRICT JUDGE**